ON APPLICATION FOR REHEARING
MADDOX, Justice.
In his brief filed on application for rehearing, Crain states that he does not question the determination by this Court on original deliverance “that a genuine issue of material fact exists concerning the oral modification of the mortgage,” but, nevertheless, he contends that Patrick lacked standing to sue because, he says, she *289 owned no interest in the subject property, because 1) “Patrick had, prior to the foreclosure sale, conveyed any interest she had in the subject property to her husband and ... it was her husband who owned the record title to the subject property on the date of the foreclosure,” and 2) “notwithstanding execution of that deed to her husband, Patrick had suffered the foreclosure of a junior mortgage lien on the subject property prior to the foreclosure of the Crain mortgage.”
Crain argues, therefore, that “Patrick did not own any interest in the subject property on the day of the foreclosure of the Crain mortgage.”
Based on Crain’s earnest insistence that the record affirmatively shows that Patrick owned no interest in the property and cannot, therefore, redeem it, we have examined the record once again, and we find the following facts, which are taken directly from the appellee’s statement in his original brief:
“On September 4, 1986, Crain foreclosed his mortgage and instructed his then attorney to bid, at the foreclosure sale, the amount of the Patrick debt, which was calculated to be the sum of Forty-seven Thousand Seven Hundred Sixty-five Dollars Eighty-seven Cents ($47,-765.87). The bid price at the foreclosure sale was calculated by Crain as follows:
“Principal $25,000.00
“Interest at 12% from 4/28/81— 4/28/86 15,000.00
“Interest at 12% from 4/28/86— 9/4/86 1,060.38
“Attorneys fees 6,159.06
“Miscellaneous Expenses, including publication charges, title, long distance and travel 546.43
"Total $47,765.87
“Crain accepted the Auctioneer’s Deed in satisfaction of the debt, believing he had bid the amount of the debt.
“On September 4, 1986, the date of the Crain foreclosure, the record title to the subject property was vested in Warren O. Patrick, the former spouse of the Plaintiff, having been conveyed to him by deed from the Plaintiff dated June 16, 1986, and recorded July 16, 1986, in the Office of the Judge of Probate of Baldwin County, Alabama. Warren O. Patrick is not a party to the present action. The Plaintiff has produced an unrecorded deed, executed by Warren O. Patrick, purporting to convey the same property back to her, but which deed is dated November 14, 1986, subsequent to the date of the Crain foreclosure. The Plaintiff testified that the reason this deed has not been recorded has to do with the fact that she may have to file bankruptcy.”
The deed from W.O. Patrick to Vesta J. Patrick, which is referred to in the appel-lee’s statement of facts, reads, in pertinent part, as follows:
“Know all men by these presents, that W.O. Patrick, a divorced man, the grant- or, in consideration of the sum of Ten Dollars and other good and valuable considerations hereby acknowledged to have been paid to him by Vesta J. Patrick, the grantee, does hereby grant, bargain, sell and convey unto the said grantee [the] following described property[:] Lot 78 & 79 Resubdivision ‘A’ of Gulf Beach as recorded at the Judge of Probate’s office of Baldwin County in Map Book 1, page 142. Less and [except] any portion thereof heretofore conveyed and subject to any existing mortgages thereon and included my right of redemption of any foreclosures thereon.”
(Emphasis added.)
Clearly, there is a material question of fact concerning Vesta Patrick’s standing to redeem; therefore, summary judgment was inappropriate, as we held on original deliverance.
Based on the foregoing, the original opinion is extended and the application for rehearing is overruled.
ORIGINAL OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
HORNSBY, C.J., and ALMON,. ADAMS and STEAGALL, JJ., concur.